## CORDIER vs. SCHLOSS.

### *Fourth Judicial District Court, September,* 1857.

#### JUDGMENT BY CONFESSION—STATEMENT.

A void judgment by confession will not be set aside, on notice and motion of a party who has an action and attachment pending against the same defendant, but no judgment. The proper remedy in such cases is by original writ in equity.

The statute on confession must be *strictly pursued.* Unless substantially complied with, the judgment is a nullity.

The statement authorizing the judgment, should contain facts sufficiently full and complete to give information how the liability "*arose,*" and to "*show*" that the sum confessed therefor is justly due : if defective in this, the judgment is irregular. ·

It should also authorize a payment for a specified sum, and not leave it to be ascertained by calculation.

Whether material interlineations, not noted in the statement, and when the authority given is, to enter the payment in the "clerk's office," (no court being named) is error, *quære.*

The facts in this case are substantially as follows : The firm of Joseph S. Kohn & Brother were merchants doing business in the city of San Francisco, and were indebted to this plaintiff and Schloss & Heilbroner of New York city.

On the night of the 18th of February, 1857, Joseph S. Kohn and Morris Kohn, the copartners of the said firm, confessed a judgment to said Schloss & Heilbroner, which was entered in the District Court of the Fourth Judicial District, in the following form :

*In the District Court of the Fourth Judicial District.*

STATE OF CALIFORNIA, ⎫
City and County of San Francisco. ⎰

SCHLOSS & HEILBRONER,
composed of
M. Schloss and Joseph Heilbroner.
*vs.*
JOSEPH S. KOHN & MORRIS,
partners under the firm name of
Kohn & Brother.

The defendants state and admit that they are justly indebted to the plaintiffs in the sum of two thousand and four hundred dollars, and interest thereon, at the rate of one per cent. per month, from the 15th day of May, 1856, for which amount they consent that judgment may be entered against them by the clerk of said court in his office, and the facts out of which said indebtedness [accrued] are as follows, to wit: That the plaintiffs are the owners of the following promissory note, made by said defendants, to wit:

$2,400.                    SACRAMENTO, May 15, 1856.

Eight months after date we promise to pay to the order of ourselves, in the city of New York, two thousand and four hundred dollars, at the rate of one per cent. per month until paid, value received.

(Signed,)                    JOSEPH S. KOHN & BROTHER.

That the said note was given by the said defendants to the said plaintiffs, for goods sold and delivered to the defendants by the firm of Schloss & Heilbroner, the plaintiffs aforesaid, [and money had and received by defts.] That the consideration for said promissory note was said [money and] goods, sold [by] plaintiffs to, and received by them, the defendants aforesaid.

That the sum above by us confessed, is justly due to the said plaintiffs on the foregoing note, after allowing all just credits and offsets, without any fraud whatever, for which amount they do hereby authorize the clerk of said court to enter up judgment against them, the said defendants.

Dated San Francisco, the —— day of February, 1857.

CITY AND COUNTY OF SAN FRANCISCO.

Joseph S. Kohn and Morris Kohn, the defendants aforesaid, each for himself, being sworn, says that the above statement of confession is true.

JOSEPH S. KOHN,
MORRIS KOHN.

Sworn to before me this 13th day of February, A. D. 1857.

P. K. WOODSIDE,
Deputy Co. Clerk.

To which was appended the note itself, which appears to have been made while Kohn & Brother were established at Sacramento, previous to removing to San Francisco.

Those words in brackets in the confession, are the interlineations referred to in the opinion.

This confession was filed on the 19th day of February, 1857, in the clerk's office of the Fourth Judicial District Court, early in the morning, and execution issued thereon.

On the same day, at a late hour, E. Cordier commenced an action against Kohn & Brother for $4000, and attached the same property.

Cordier then made an affidavit setting forth the facts in the confession of judgment, and alleging fraud, moved the court upon notice to set aside the confession as against his claim.

The court was of the opinion, that Cordier must obtain a judgment before he would have sufficient standing in court to entitle him to attack the judgment in this summary way.

As between the parties thereto the judgment may be valid although void as to judgment creditors ; but Cordier's action being undetermined he is not, and possibly never may be, a judgment creditor.

The court further stated that no adjudicated case had been produced and the court know of none, where it had been held that a void judgment could be set aside on notice and motion upon the application of a party who had a suit pending against the same defendant and expected to, but had not in fact, obtained a judgment. That under a previous decision of this court—affirmed in the supreme court—Cordier, having a lien by attachment, may proceed in equity by original writ and obtain protection and relief, and this was his proper remedy.

Cordier then commenced an action in equity against Kohn & Brother and Schloss & Heilbroner, and obtained an injunction restraining the payment of the money of the sale on execution to Schloss, and had the same await the decision of the court.

*E. Casserly* and *Harmon & Labatt*, for plaintiff.

*Shattuck, Spencer & Reichert* and *E. D. Sawyer*, for defendant.

HAGER, J.—By the law of this State, judgments by confession are authorized to be entered of record by a summary proceeding in the office of the clerk of the court, without any action on the part of the court itself.

The statute being in derogation of the common law, should be strict-

ly pursued : in entering the judgment the clerk acts ministerially under its authority, and all the provisions of the act must be substantially complied with, or the judgment is a nullity.

The defendant is required to make a statement which he must sign and verify by his oath ; this must authorize the entry of the judgment for a specified sum, and " if it " (the judgment) " be for money due, etc. it " (the statement) " must concisely state the facts out of which it " (the money due) " arose, and show that the sum confessed therefor is justly due." Practice Act § 374, 375.

The statement in question sets forth the facts of indebtedness as follows : " The plaintiffs are the owners of a promissory note made by defendants," which is copied at length—" that the said note was given by the defendants to the said plaintiffs for goods sold and delivered to the defendants by the firm of Schloss & Heilbroner, the plaintiffs aforesaid, and money had and received by defendants : that the consideration of said promissory note was said money and goods sold by plaintiffs to, and received by them, the defendants aforesaid : that the sum above, by us confessed, is justly due to the said plaintiffs on the foregoing note," etc.

Neither the amount, value, or date of sale of the goods sold and delivered, nor the amount or date of the money had and received, nor whether received from Schloss & Heilbroner or some other person, are stated. It cannot be gathered or determined how the sum mentioned in the note, is made up, and although it is so declared in words, yet the statement itself does not, by *stating concisely, the facts constituting the liability,* in the language of the act and according to the common acceptation of the word, " show " that the sum is justly due.

As a statement in a complaint, of facts constituting a cause of action for goods sold and delivered, or money had and received, it would hardly be contended that this in question, would be sufficient, and yet the provisions of the act in regard to the statement of facts in a pleading, are substantially the same as that in case of judgment by confession. practice act §§ 39, 475.

In my opinion, the statement of facts in the confession of judgment is not in conformity with the statute, and is insufficient.

Besides those noted, there are other objections to the statement, some of which might perhaps be well taken, to wit :

1st.   The authority is not given, as required by the law, to enter the judgment for a *specified sum*.   The statement was made February 18, 1857, and authorized a judgment for $2400 and interest thereon at the rate of one per cent. a month from the 15th of May, 1856. Thus the sum, instead of being specified, was a matter of calculation.

2d.   Judgment is authorized to be entered by the clerk, *in his office*.   The statute intends it to be of a court, § 376—and, although the statement is filed with the clerk, and he enters it in the judgment book, it would be safer practice to specify the court where the judgment is intended to be confessed and entered of record.

3d.   There are material interlineations which are not noted, and the affidavit annexed, instead of the statement itself, is signed by the defendants therein.

Having arrived at the above conclusion, it is unnecessary to pass upon the other questions raised upon the trial and argument.

The judgment by confession, so far as it effects the lien and judgment of the plaintiff in this action, should be set aside.

Decree ordered accordingly.